IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **JOSHUA CURRY, EDD**<br>2515 Banksville Road<br>Pittsburgh, PA 15216<br><br>  Plaintiffs,<br><br>  v.<br><br>**FAMILYLINKS, INC.**<br>401 N. Highland Ave.<br>Pittsburgh, PA 15206,<br><br>- and -<br><br>**KIMBERLY BOSO**<br>712 South Ave<br>Pittsburgh, PA 15221<br><br>- and -<br><br>**DESARAE HORTON**<br>One Smithfield Street, 4th Floor<br>Pittsburgh, PA 15222<br><br>- and -<br><br>**THE OFFICE CHILDREN YOUTH AND FAMILIES,**<br>One Smithfield Street, 4th Floor<br>Pittsburgh, PA 15222<br><br>  Defendants. | CIVIL DIVISION<br><br>Docket #: GD-22-9966<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Filed on behalf of: Plaintiffs.<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>David M. Kobylinski, Esquire<br>Pa. ID No.: 92233<br><br>Peter T. Kobylinski, Esquire<br>Pa. ID No.: 309832<br><br>PRAETORIAN LAW GROUP, LLC<br>515 Court Place, Ste 4<br>Pittsburgh, PA 15219<br>(412) 281-6600 |

FILED
2022 AUG 12 PM 2:52
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

TY12828
12 August 2022
14:54:49
GD-22-009966

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **JOSHUA CURRY, EDD,** | ) |
| | ) CIVIL DIVISION |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket #: GD-22-_____ |
| | ) |
| **FAMILYLINKS, INC., et al.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |
| | ) |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> Lawyer Referral Service
> Allegheny County Bar Association
> 11th Floor Koppers Building
> 436 Seventh Avenue
> Pittsburgh, PA  15219
> (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **JOSHUA CURRY, EDD,** | ) |
| | ) CIVIL DIVISION |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket #: GD-22-_____ |
| | ) |
| **FAMILYLINKS, INC., et al.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |
| | ) |

## COMPLAINT

Joshua Curry, EDD, through counsel, avers as follows:

I. **Preliminary Statement**

1. On August 13, 2021, during testimony in juvenile court.

2. Plaintiff vehemently denied this and inquired of Ms. Horton the basis of her statement.

3. In response, Ms. Horton replied that she had been provided this information by Kimberly Boso, who at the time was employed by Familylinks, Inc.

4. This representation was false and defamatory, and has harmed plaintiff's reputation as a counselor.

II. **Parties and Venue**

5. Joshua Curry, EDD is an adult individual who conducts business from 2515 Banksville Road, Pittsburgh, PA 15216.

6. Familylinks, Inc. is domestic nonprofit corporation that conducts business at 401 N. Highland Ave., Pittsburgh, PA 15206.

3

7. Kimberly Boso is an adult individual who conducts business from 712 South Avenue, Pittsburgh, PA 15221.

8. Desarae Horton is an adult individual who conducts business from One Smithfield Street, 4th Floor, Pittsburgh, PA 15222.

9. The Office of Children, Youth and Families (hereinafter "CYF") is a division of Allegheny County and conducts business from One Smithfield Street, 4th Floor, Pittsburgh, PA 15222.

10. Venue is appropriate in Allegheny County as the events at issue occurred herein and because defendants may be served within the County.

## II.   Concise Statement of Facts

11. Prior to August of 2021, plaintiff was employee of Familylinks, Inc.

12. In August of 2020, Familylinks, Inc. reprimanded plaintiff for seeing patients in person during the pandemic; however, plaintiff felt this was medically necessary as the patient in question was suicidal.

13. Subsequent to August 2020, but prior to August 2021, plaintiff left the employ of Familylinks, Inc. to start his own practice.

14. After starting his practice, plaintiff provided services to a minor, Jane Doe,[1] with substance abuse issues who was also involved in juvenile proceedings before the Juvenile branch of the Family Court Division of the Court of Common Pleas for Allegheny County.

15. During the course of these proceedings, Desarae Horton was the caseworker assigned to Jane Doe's case by CYF.

16. On August 13, 2021, a hearing was held in Jane Doe's juvenile court proceeding in which Caseworker Horton testified.

---

[1] The minor's name is protected due to privacy and is referred to as "Jane Doe" in these proceedings.

4

17. During her testimony, Caseworker Horton testified that plaintiff was reprimanded by Familylinks, Inc. for engaging in a sexual relationship with Jane Doe.

18. Upon investigation, Caseworker Horton indicated that she had received this information from Kimberly Boso who had provided the same during the course and scope of her employment with Familylinks, Inc.

19. The representation that Dr. Curry ever had engaged in sexual relationship with Jane Doe is absolutely false.

### III. Damages

20. As a direct and proximate cause of defendants conduct and actions, plaintiff has sustained the following damages:

   a) Plaintiff's reputation has been tarnished and damaged;

   b) Plaintiff has been subjected to ridicule by his colleagues, peers and persons vested with governmental authority;

   c) Plaintiff has suffered and will continue to suffer from embarrassment, shame, humiliation and emotional distress;

   e) Plaintiff has lost and will continue to lose income; and

   f) Plaintiff has lost and will continue to lose business opportunities.

### COUNT I

**Joshua Curry, EDD v. Familylinks, Inc. and Kimberly Boso**

### DEFAMATION

21. Plaintiffs incorporates the foregoing paragraphs as if set forth at length.

22. The above-described defamatory statements were discovered by plaintiff on August 13, 2021.

23. Ms. Boso made the above-described statements while performing her duties for defendant Familylinks, Inc.

24. The above-described defamatory statements constitute negligence per se.

25. Ms. Boso's conduct in making the defamatory statements was outrageous and done with a willful disregard for the rights of others. As such, plaintiff makes a claim for punitive damages.

26. As a direct and proximate result of the harmful and false statements, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiffs prays for judgment in their favor and against that of defendants Familylinks, Inc. and Kimberly Boso and an award of damages in excess or $50,000 exclusive of interests and costs.

**COUNT II - PLED IN THE ALTERNATIVE**

**Joshua Curry, EDD v. Familylinks, Inc.**

**DEFAMATION**

27. Plaintiffs incorporates the foregoing paragraphs as if set forth at length.

28. The above-described defamatory statements were discovered by plaintiff on August 13, 2021.

29. In the event the defamatory statements were not made by defendant Boso, plaintiff believes and therefore avers they were made by another employee of defendant Familylinks, Inc. during the course and scope of his or her employment.

30. The above-described defamatory statements constitute negligence per se.

31.     The employee's conduct in making the defamatory statements was outrageous and done with a willful disregard for the rights of others. As such, plaintiff makes a claim for punitive damages.

32.     As a direct and proximate result of the harmful and false statements, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiffs prays for judgment in his favor and against that of defendant Familylinks, Inc. and an award of damages in excess or $50,000 exclusive of interests and costs.

### COUNT III – PLEAD IN THE ALTERNATIVE

**Joshua Curry, EDD v. Desarae Horton and The Office of Children Youth and Family Services**

**VIOLATION OF DUE PROCESS (SUBSTANTICE AND PROCEDURAL)**

33.     The prior paragraphs of this Complaint are incorporated herein by reference.

34.     At all times relevant hereto, Caseworker Horton was acting as an agent and representative of CYF, which is an office with the Allegheny County government.

35.     In the alternative event that defendants Familylinks, Inc. and Ms. Boso did not provide this false information, then plaintiff believes and therefore avers that Caseworker Horton would have maliciously created this false information on her own and did so for an improper purpose.

36.     By publically providing this false information, Caseworker Horton damaged the reputation and professional standing of Dr. Curry.

37.     Caseworker Horton's actions in doing so violated Dr. Curry's rights to substantive due process as guaranteed by the Constitutions of the United States and the Commonwealth of Pennsylvania, and statute enforcing the same.

38.     In addition, Caseworker Horton did this damage without providing Dr. Curry with a prior opportunity to refute and rebut this false and malicious information, thereby violating his right to procedural due process.

39.     Plaintiffs suffered damages as a result of Defendant's wrongful conduct and breach of contract as more fully detailed above.

**WHEREFORE**, Plaintiff, in the alternative, prays for judgment in his favor and against that of defendants Desarae Horton and The Office of Children, Youth and Family Services and an award of damages in excess or $50,000 exclusive of interests and costs.

**JURY TRIAL DEMANDED AS TO ALL COUNTS SOUNDING IN LAW**

                                        Respectfully submitted,

                                        **PRAETORIAN LAW GROUP, LLC**

                                        _____
                                        David M. Kobylinski, Esquire

Dated:  August 12, 2022                 *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

_____
David M. Kobylinski, Esquire (PA ID # 92233)

August 12, 2022

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
ALLEGHENY County

**For Prothonotary Use Only:**

Docket No: _____

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action: |
| --- |
| ☒ Complaint ☐ Writ of Summons ☐ Petition |
| ☐ Transfer from Another Jurisdiction ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| JOSHUA CURRY, EDD | Familylinks, Inc. |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
| --- | --- | --- |

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
| --- | --- |

Name of Plaintiff/Appellant's Attorney: DAVID M. KOBYLINSKI, ESQ.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☒ Slander/Libel/ Defamation
☐ Other: _____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other: _____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other _____

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other _____

☐ Other: _____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other _____

☐ Zoning Board
☐ Other: _____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other: _____

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)   actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)   actions for support, Rules 1910.1 et seq.

    (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)   actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.